**BRITTANY L. SHERRON**
California State Bar No. 333762
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Brittany_Sherron@fd.org

Attorneys for Mr. Nava Pacheco

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 25-CR-3465-BJC |
| Plaintiff, | Hon. Benjamin J. Cheeks |
| v. | Date: October 20, 2025 |
| | Time: 2:00 p.m. |
| RONALDO NAVA PACHECO, | **DEFENDANT'S MOTIONS TO:** |
| Defendant. | **(1) COMPEL DISCOVERY** |
| | **(2) PRESERVE EVIDENCE** |
| | **(3) GRANT LEAVE TO FILE** |
| | **FURTHER MOTIONS** |

**I.**

**STATEMENT OF FACTS**

On or about August 11, 2025, Mr. Nava Pacheco was arrested for alleged violations of 18 U.S.C. § 111, Assault on a Federal Officer and § 1361, Destruction of Government Property. The defense has received from the government 61 pages of discovery, bodyworn camera footage, photographs from the day of arrest, and a recording of Mr. Nava Pacheco's post-arrest statement.

These motions follow.

///

///

1
2

## II.
## <u>MOTION TO COMPEL DISCOVERY</u>

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

Mr. Nava Pacheco moves for production of all discovery to which he is entitled under the United States Constitution, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and other applicable law.  This request includes not just information in the Government's possession, but all information that is in the custody, control, care, or knowledge of any closely related investigative [or other] agencies.  *United States v. Bryan*, 868 F.2d 1032, 1040 (9th Cir. 1989).  Under Rule 16 of the Federal Rules of Criminal Procedure, the Government must disclose any information that is material to preparing the defense. The Ninth Circuit has repeatedly emphasized that "Rule 16 . . . grants defendants a broad right to discovery."  *See United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013); *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) (same). Information is material if it is relevant to a possible defense, *id*., and information that is not exculpatory or impeaching may still be relevant to developing a possible defense.  *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013).  Even information that merely causes a defendant to completely abandon a planned defense and take an entirely different path must be disclosed under Rule 16's broad discovery right.  *United States v. Padilla-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (internal quotation marks omitted).  With that in mind, Mr. Nava Pacheco moves for the production of the following:

22

(1)    <u>Mr. Nava Pacheco's Statements</u>.

23
24
25
26
27
28

The government must disclose to Mr. Nava Pacheco <u>all</u> copies of any written or recorded statements made by Mr. Nava Pacheco; the substance of any statements made by Mr. Nava Pacheco which the government intends to offer in evidence at trial-either in its case-in-chief or in rebuttal; any response by Mr. Nava Pacheco to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of Mr. Nava Pacheco's oral

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION**

1  statements contained in the handwritten notes of the government agents; any

2  response to any *Miranda* warnings which may have been given to Mr. Nava

3  Pacheco; as well as any other statements by Mr. Nava Pacheco. Fed. R. Crim.

4  P. 16(a)(1)(A).  Of course, any of Mr. Nava Pacheco's statements that are

5  exculpatory must be produced as well. *See Brady v. Maryland*, 373 U.S. 83 (1963).

6  The Advisory Committee Notes and the 1991 Amendments to Rule 16 make clear

7  that the Government must reveal <u>all</u> of Mr. Nava Pacheco's statements, whether

8  oral or written, regardless of whether the government intends to make any use of

9  those statements.

10       (2)    Arrest Reports, Notes and Dispatch Tapes.

11       Mr. Nava Pacheco also specifically requests that the government turn over

12  all arrest reports, notes, dispatch tapes, and TECS records not already produced that

13  relate to the circumstances surrounding his arrest or any questioning.  This request

14  includes, but is not limited to, any rough notes, records, reports, transcripts, referral

15  slips, or other documents in which statements of Mr. Nava Pacheco or any other

16  discoverable material is contained. Such material is discoverable under Fed. R.

17  Crim. P. 16(a)(1)(A) and *Brady*.  Additionally, the government must produce arrest

18  reports, investigators notes, memos from arresting officers, sworn statements, and

19  prosecution reports pertaining to Mr. Nava Pacheco.  *See* Fed. R. Crim. P.

20  16(a)(1)(B) and (C), 26.2 and 12(I); *United States v. Harris*, 543 F.2d 1247, 1253

21  (9th Cir. 1976) (original notes with suspect or witness must be preserved); *see also*

22  *United States v. Anderson*, 813 F.2d 1450, 1458 (9th Cir. 1987) (reaffirming *Harris*'

23  holding).

24       (3)    Border Crossing History of Mr. Nava Pacheco

25       Mr. Nava Pacheco requests all TECS records of himself.  If there are any

26  TECS hits, please provide any and all information of such an alert, including all

27  additional screens that come up when reviewed in the computer system.

28  / / /

1    (4)    <u>Brady Material</u>.

2    Mr. Nava Pacheco requests all documents, statements, agents' reports, and

3    tangible evidence favorable to Mr. Nava Pacheco on the issue of guilt and/or which

4    affects the credibility of the government's case. *Kyles v. Whitley*, 514 U.S. 419

5    (1995).    Under *Brady, Kyles* and their progeny, impeachment, as well as

6    exculpatory evidence, falls within the definition of evidence favorable to the

7    accused. *See also United States v. Bagley*, 473 U.S. 667 (1985); *United States v.*

8    *Agurs*, 427 U.S. 97 (1976).    This includes information obtained from other

9    investigations which exculpates Mr. Nava Pacheco.

10    (5)    <u>Any Information That May Result in a Lower Sentence Under The</u>

11    <u>Guidelines</u>.

12    The government must produce this information under *Brady*.  This request

13    includes any cooperation or attempted cooperation by Mr. Nava Pacheco, as well

14    as any information, including that obtained from other investigations or debriefings,

15    that could affect any base offense level or specific offense characteristic under

16    Chapter Two of the Guidelines.  Mr. Nava Pacheco also requests any information

17    relevant to a Chapter Three adjustment, a determination of Mr. Nava Pacheco's

18    criminal history, and information relevant to any other application of the

19    Guidelines.

20    (6)    <u>Mr. Nava Pacheco's Prior Record</u>.

21    Mr. Nava Pacheco requests disclosure of any prior record. *See* Fed. R. Crim.

22    P. 16(a)(1)(B).

23    (7)    <u>Any Proposed 404(b) Evidence</u>.

24    The government must produce evidence of prior similar acts under Fed. R.

25    Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, upon request,

26    "the prosecution . . . shall provide reasonable notice in advance of trial . . . of the

27    general nature" of any evidence the government proposes to introduce under Fed.

28    R. Evid. 404(b) at trial and the purpose for which introduction is sought. *United*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION**

*States v. Vega*, 188 F.3d 1150 (9th Cir. 1999).  This applies not only to evidence which the government may seek to introduce in its case-in-chief, but also to evidence, which the government may use as rebuttal.  *Id.*  Mr. Nava Pacheco is entitled to reasonable notice so as to reduce surprise, preclude trial by ambush and prevent the possibility of prejudice. *Id.*; *United States v. Perez-Tosta*, 36 F.3d 1552, 1560-61 (11th Cir. 1994).  Mr. Nava Pacheco requests such reasonable notice at least four weeks before trial so as to adequately investigate and prepare for trial.

(8)    Evidence Seized.

Mr. Nava Pacheco requests production of evidence seized as a result of any search, with or without a warrant. *See* Fed. R. Crim. P. 16(a)(1)(E).  Specifically, the defense requests the opportunity to inspect any personal belongings, items seized by the agents, and the vehicle that he was alleged to have driven on the day of arrest.

(9)    Henthorn Material.

Mr. Nava Pacheco requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material.  *See Kyles*, 514 U.S. at 419; *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Lacy*, 896 F. Supp. 982 (N.D. Ca. 1995).  At a minimum, the prosecutor has the obligation to inquire of his agents to ascertain whether or not evidence relevant to veracity or other impeachment exists.

(10)    Tangible Objects.

Mr. Nava Pacheco requests the opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Nava Pacheco.  *See* Fed. R. Crim. P. 16(a)(1)(E).  Specifically, to the extent they were not already produced,

Mr. Nava Pacheco requests color copies of all photographs in the government's possession, and any other photos taken in connection with this case.

Mr. Nava Pacheco also requests the government disclose or allow Mr. Nava Pacheco to inspect (1) any and all video and audio from the arresting agency from the time they began pursuing Mr. Nava Pacheco; (2) any and all video and audio recordings depicting Mr. Nava Pacheco or pertaining to Mr. Nava Pacheco's arrest including surveillance video, dispatch tapes, recordings from security offices and detention cells where Mr. Nava Pacheco was held; and (3) any and all color copies of still photographs, recordings, or other images taken by the arresting agents or their agencies.

(11)  Expert Witnesses.

Mr. Nava Pacheco requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. *See* Fed. R. Crim. P. 16(a)(1)(G).  The defense requests that notice of expert testimony be provided at a minimum of four weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert.  The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert.  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (trial judge is gatekeeper and must determine reliability and relevancy of expert testimony and such determinations may require special briefing or other proceedings).

(12)  Evidence of Bias or Motive to Lie.

Mr. Nava Pacheco requests any evidence that any prospective government witness is biased or prejudiced against Mr. Nava Pacheco, or has a motive to falsify or distort her or her testimony.

(13)  Impeachment Evidence.

Mr. Nava Pacheco requests any evidence that any prospective government

witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Nava Pacheco. *See* Fed. R. Evid. 608, 609 & 613; *Brady v. Maryland*.

(14)    Evidence of Criminal Investigation of Any Government Witness.

Mr. Nava Pacheco requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(15)    Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.

The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(15)    Jencks Act Material.

Mr. Nava Pacheco requests production in advance of trial of all material, including any tapes, which the government must produce pursuant to the Jencks Act.  *See* 18 U.S.C. 3500; Fed. R. Crim. P. 26.2.  Advance production will avoid the possibility of delay at the request of Mr. Nava Pacheco to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1).  *Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see also United States v. Bohell*, 952 F.2d 1101 (9th Cir. 1991) (holding that, where an agent goes over interview notes with subject, interview notes are subject to Jencks Act).

(16)    *Giglio* Information.

Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Mr. Nava Pacheco requests all statements, promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information

1  which could arguably be used for the impeachment of any government witnesses.

2      (17)  Agreements Between the Government and Witnesses.

3      In this case, Mr. Nava Pacheco requests identification of any cooperating

4  witnesses who have committed crimes, but were not charged, so that they may

5  testify for the government in this case.  Mr. Nava Pacheco also requests discovery

6  regarding any express or implicit promise; understanding; offer of immunity; past,

7  present, or future compensation; or any other kind of agreement or understanding,

8  including any implicit understanding relating to criminal or civil income tax,

9  forfeiture or fine liability between any prospective government witness and the

10 government (federal, state and/or local).  This request also includes any discussion

11 with a potential witness about, or advice concerning, any contemplated prosecution,

12 or any possible plea bargain, even if no bargain was made, or the advice not

13 followed.

14     Pursuant to *United States v. Sudikoff*, 36 F.Supp.2d 1196 (C.D. Cal. 1999),

15 the defense requests <u>all</u> statements made, either personally or through counsel, <u>at

16 any time</u>, which relate to the witnesses' statements regarding this case, any

17 promises—implied or express—regarding punishment/prosecution or detention of

18 these witnesses, any agreement sought, bargained for or requested, on the part of

19 the witness at any time.

20     (18)  Informants and Cooperating Witnesses.

21     To the extent that there was any informant, or any other tip leading to a TECS

22 hit in this case, Mr. Nava Pacheco requests disclosure of the names and addresses

23 of all informants or cooperating witnesses used, or to be used, in this case, and in

24 particular, disclosure of any informant who was a percipient witness in this case or

25 otherwise participated in the crime charged against Mr. Nava Pacheco. The

26 government must disclose the informant's identity and location, as well as the

27 existence of any other percipient witness unknown or unknowable to the defense.

28 *Roviaro v. United States*, 353 U.S. 53, 61-62 (1957). The government must disclose

any information derived from informants which exculpates or tends to exculpate Mr. Nava Pacheco.

(19)  <u>Bias by Informants or Cooperating Witnesses</u>.

Mr. Nava Pacheco requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio*, 405 U.S. 150. Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(20)  <u>Residual Request</u>.

Mr. Nava Pacheco intends, by this discovery motion, to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Nava Pacheco requests that the government provide the above-requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

### III.

### MOTION FOR PRESERVATION OF EVIDENCE

Mr. Nava Pacheco specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case.  This request includes, but is not limited to, any vehicles and/or container seized, any personal effects of Mr. Nava Pacheco; any cell phones seized, and the agents' notes of any interrogation.

### IV.

### MOTION FOR LEAVE TO FILE FUTHER MOTIONS

Mr. Nava Pacheco may find it necessary to file additional motions and/or supplement the motions filed herein once complete discovery is produced. Accordingly, defense counsel requests that, should it become necessary, he have

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION

leave to file further motions. The denial of this motion will result in a violation, at a minimum, of Mr. Nava Pacheco's Fifth and Sixth Amendment rights.

## V.

## CONCLUSION

For the reasons stated above, Mr. Nava Pacheco moves this Court to grant his motions.

Respectfully submitted,

Dated: October 15, 2025

*s/ Brittany L. Sherron*
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Nava Pacheco
Email: Brittany_Sherron@fd.org